# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

           Plaintiff,   :   Case No. 1:13-cr-025

                         District Judge Susan J. Dlott
- vs -                     Magistrate Judge Michael R. Merz

BRIEN CHAMPION,

           Defendant.   :

## REPORT AND RECOMMENDATIONS

Defendant Brien Champion brought this action under 28 U.S.C. § 2255 to obtain relief from his conviction and sentence in this drug distribution case (ECF No. 604).

Mr. Champion is proceeding *pro se* in this matter. Counsel was appointed to consider filing under *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), but has declined to do so. Champion does not raise a *Johnson* claim in the instant Motion.

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

1

>
> response within a fixed time, or take other action the judge may order.

Champion pleads two grounds for relief:

> **Ground One:**  Ineffective assistance of counsel for failing to adequately explain the federal law of conspiracy to Petitioner.
>
> **Ground Two:**  Plea waiver unenforceable where counsel failed to adequately explain waiver.

(Motion, ECF No. 604.)  The Motion includes an eight-page Memorandum of Law and Champion's one-page Declaration.

**Procedural History**

The docket reflects that on February 20, 2013, the grand jury for this District returned an Indictment charging Defendant in Count 1 with conspiracy to possess with intent to distribute and to actually distribute a kilogram or more of heroin and 280 grams or more of crack cocaine. In Count 6 he was charged with maintaining a premises for distribution of heroin within 1000 feet of a playground (ECF No. 1).  Several weeks later, a Superseding Indictment was returned, again charging Champion with the same crimes.

In October 2013 Champion entered into a written Plea Agreement with the United States in which he agreed to plead guilty to the conspiracy count (ECF No. 269, PageID 874, ¶ 1).  The parties agreed that a sentence of 155 months imprisonment and five year supervised release was a sufficient sentence. *Id.*  at ¶ 2.  Because the plea was to be made under Fed. R. Crim. P. 11(c)(1)(c), the Court was bound to impose the agreed sentence if the Court accepted the Plea

Agreement. *Id.* Champion waived his right to appeal the sentence imposed unless it exceeded the agreed 155 months. *Id.* at ¶ 13.

On October 16, 2013, Champion appeared before District Judge Dlott to engage in the plea colloquy required before acceptance of a plea. Champion indicated he was satisfied with the advice his attorney William Gallagher had given him (Transcript, ECF No. 524, PageID 1686-87). Contrary to his claims in the § 2255 Motion, Champion admitted he had discussed the charges with Gallagher who had explained them to him. *Id.* at PageID 1687-88. He stated he understood what a conspiracy was. *Id.* at PageID 1688. After being sworn, he again indicated he understood the charges. *Id.* at PageID 1691. The prosecutor summarized the Plea Agreement, including the sentence appeal waiver. Champion told Judge Dlott he understood it as written. *Id.* at PageID 1705. He admitted to the truth of the facts of the offense as testified to by the federal agent present. *Id.* at PageID 1712.

Although Judge Dlott imposed the agreed-upon sentence, Champion appealed. The Court of Appeals, however, upheld the appeal waiver as against Champion's claim that the sentence was substantively unreasonable. *United States v. Champion,* Case No. 14-4237 (6th Cir. Jul. 8, 2015)(unreported, copy at ECF No. 588).

## ANALYSIS

Champion's two grounds for relief together claim the sentence should be vacated because Champion received ineffective assistance of trial counsel in that Gallagher failed to explain the federal law of conspiracy and the appeal waiver.

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady*, 397 U.S. at 755. In order for a guilty plea to be constitutional it must be knowing, intelligent, voluntary, and done with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The identical standard applies to a plea of no contest or nolo contendere. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636–37 (6th Cir. 2008). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749. If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner

4

seeking to overturn his plea.  *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993).  Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself.  *Id.* at 326–27.

In his § 2255 Motion, Champion does not say he did not understand either the conspiracy charge or the appeal waiver and indeed he swore to Judge Dlott that he did.  Given this solemn sworn admission under oath, whatever conversation he and Gallagher had off the record about what either conspiracy or the sentence appeal waiver meant is irrelevant.  To put it another way, it does not matter what Gallagher said if Champion understood these relevant concepts.  He swore that he did and he will not now be heard to contradict those sworn admissions.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Champion's § 2255 Motion be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 9, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).