IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:13-cr-025

                                      District Judge Susan J. Dlott
-  vs  -                          Magistrate Judge Michael R. Merz

BRIEN CHAMPION,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This § 2255 case is before the Court on four filings by Defendant, who is proceeding pro se in this case: (1) Objections to the Magistrate Judge's Report and Recommendations (ECF No. 606) recommending the § 2255 Motion be dismissed with prejudice (ECF No. 616); (2) a Motion for Clarification (ECF No. 617); (3) a Motion to Alter the Judgment (ECF No. 618); and (4) a Declaration in Support (ECF No. 619).

**Clarification**

Defendant's pro se Motion for Retroactive Application of Sentencing Guidelines on Crack Cocaine under 18 U.S.C. § 3582 (ECF No. 595) has never been referred to the United States Magistrate Judge and remains pending before Judge Dlott. Nothing that has been filed in

1

this case since Defendant Champion filed his Motion to Vacate on May 27, 2016, has any impact on that Motion.

**Motion to Alter Judgment**

On July 7, 2016, District Judge Dlott adopted the Magistrate Judge's recommendation that Mr. Champion's § 2255 Motion be dismissed with prejudice (ECF No. 609). The stated reason was that Champion had filed no objections and the time for objecting had expired. *Id.* After judgment was entered, Champion filed a Motion for Full Extension of Time to object, asking for sixty days (ECF No. 612, PageID 2185). The Magistrate Judge denied that Motion because the time had already expired (Notation Order of July 14, 2016). Champion sought reconsideration on the grounds he had timely filed his request for extension but the Clerk had returned it because it was not signed (ECF No. 614). The Magistrate Judge advised Champion that the time for objections could not be reopened because a judgment had been filed in the case, but offered him the option of raising the merits of his objections in a motion to alter or amend the judgment filed by August 4, 2016 (Notice, ECF No. 615). The Motions now before the Court followed.[1]

The standard for granting a motion to alter or amend the judgment is well established.

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas*

---

[1] The Motions were received by the Clerk on August 5, 2016. Because Mr. Champion is incarcerated, he is entitled to the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). The papers includes no declaration of when they were deposited in the prison mail system, but, since they were received on August 5, 2016, the Court infers they were mailed no later than August 4th, making them timely.

2

> *Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).

As he did in his § 2255 Motion when filed, Mr. Champion claims he did not understand what a conspiracy was or the appeal waiver he entered into because his attorney never explained it to him. He claims that if had he understood, he would never have pleaded guilty because "I had no knowledge of being in a conspiracy." (Declaration, ECF No. 619, PageID 2204). He supports his position with an undated excerpt from a letter to Judge Dlott which was evidently written before sentence was imposed. *Id.* at PageID 2205-06.

Champion's Motion presents no new evidence and does not show the Court committed any error of law in adopting the Report and Recommendations. As the Report notes, the claims of lack of understanding in the § 2255 Motion which are repeated in the Motion to Alter the Judgment are completely at odds with what Champion swore to before Judge Dlott in the plea colloquy hearing.

Champion's Motion to Alter the Judgment is without merit and should be denied.

August 8, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).